IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 19, 2021 Session

## STATE OF TENNESSEE v. NOREELDEEN I. ABDULKARIM

**Appeal from the Criminal Court for Davidson County**
**No. 2017-D-2436    Steve Dozier, Judge**

_____

### No. M2020-00502-CCA-R3-CD

_____

The Defendant, Noreeldeen I. Abdulkarim, appeals from the Davidson County Criminal Court's denial of his motion to withdraw his guilty plea to attempted aggravated rape, for which he is serving a twelve-year sentence as a Range II offender. On appeal, he contends that the trial court erred in denying his motion to withdraw his guilty plea because (1) the plea was not knowingly and voluntarily entered and (2) he received the ineffective assistance of counsel. Both claims relate to his allegation that he was not advised that being listed on the sex offender registry and being subject to community supervision for life would be a consequence of the guilty plea. Because the trial court did not abuse its discretion in denying the motion to withdraw the guilty plea, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Erin D. Coleman (on appeal and at hearing on motion to withdraw guilty plea), Nashville, Tennessee, for the Appellant, Abdulkarim Noreeldeen.

Herbert H. Slatery III, Attorney General and Reporter; Austin Nichols, Assistant Attorney General; Glenn R. Funk, District Attorney General; Jeffrey George, Wesley King, and Chandler Harris, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

According to the indictment and the recitation of the facts at the guilty plea hearing, the Defendant engaged in sexual intercourse with an unconscious individual on a public sidewalk on July 24, 2017. An eyewitness called 9-1-1, and responding officers apprehended the Defendant and interviewed the victim and eyewitnesses. DNA evidence

further identified the Defendant as the perpetrator. He was charged with aggravated rape. On April 4, 2019, he accepted a plea offer involving his guilty plea to attempted aggravated rape and a twelve-year, Range II sentence. On April 12, 2019, he filed a pro se motion to withdraw his guilty plea on the basis that his attorney had given him unspecified inaccurate advice, which led to his guilty plea. Counsel was appointed, and on January 15, 2020, counsel filed an amended motion to withdraw the guilty plea alleging that the Defendant had suffered manifest injustice because he received the ineffective assistance of counsel from his guilty plea counsel because she (1) did not visit the Defendant at the jail, (2) failed to provide him with discovery materials, (3) failed to discuss trial strategy with him, (4) coerced him through fear to accept the guilty plea offer, (5) did not advise him of the correct offense to which he was pleading guilty, and (6) failed to request a bond reduction.

At the hearing on the motion to withdraw the guilty plea, the Defendant testified that he thought he was pleading guilty to attempted rape, not attempted aggravated rape. He said his guilty plea counsel never advised him of the correct offense for the plea agreement. He said that when the judge stated the conviction offense, "it caught [his] attention," but that he "just stick [sic] to it" because counsel "was looking at me like just say okay." He said he did not understand but did not interrupt the judge. He said that before the hearing, counsel told him "not to interrupt [the judge] or just go with the flow." He said he did not learn the correct conviction offense until he returned to the jail after the guilty plea hearing and asked an officer the offense to which he had pleaded guilty. He later said he had not been listening when the judge asked how he pleaded "to the amended charge of attempted aggravated rape."

The Defendant testified that he did not notice when he signed the written plea agreement that the conviction offense was attempted aggravated rape. He acknowledged, however, that his signature was on the document. He agreed that he was "upset" about the conviction offense, not the sentence.

The Defendant testified that at the time he pleaded guilty, he did not know how many years he was required to serve pursuant to the agreement and that he merely knew he "was going to serve some time in the prison." He later said he thought the plea agreement was for a fifteen-year sentence.

The Defendant testified that on the day of the guilty plea, he had advised counsel that he "didn't want to do nothing but go to trial." He said counsel told him that if he did not accept the plea, "[T]he Judge is going to give you 30 years." When asked, "So it's not that you didn't understand what you were doing, you just wanted to go to trial and [counsel] forced you to plea," the Defendant replied, "Yes, sir." He said he felt rushed and threatened to accept the plea offer. He said he was "not in [his] right mind" because he was "stressed" at the time.

The Defendant testified that he did not receive discovery materials from counsel. He later said he received the discovery materials on the day of the guilty plea hearing. He said that two days after he pleaded guilty, as he "looked through [his] stuff," he learned that the victim stated the Defendant "never even did what the State was alleging." He said he did not meet counsel until March of an unspecified year "when we came and had a hearing about ineffective DA that [the Defendant] had a lawsuit against."[1] He said counsel never met with him at the jail and that he called her "a thousand times" but always reached her voicemail. He said he never received communications from her or had "discussion dates" with her before he pleaded guilty.

The Defendant testified that when he talked to counsel on the day of the guilty plea, he told counsel that the victim had been intoxicated when she said he raped her and that the victim later said, when she was no longer intoxicated, that he had not raped her.

The Defendant testified that he asked counsel to file a motion to reduce his bond but that she did not. He also said that he "filed this suppression hearing" and sent copies to the district attorney general's office and to the clerk but that he never heard from counsel. He said he filed a grievance with the Board of Professional Responsibility about counsel's failure to assist him. He acknowledged having filed a Board of Professional Responsibility complaint against another attorney who had represented him.

The Defendant testified that counsel never advised him that he would be on community supervision for life as a result of his guilty plea. He said counsel told him he would be on community supervision for ten years. He said counsel never told him he "would have to register as a result of this sex offense." When questioned further, the Defendant said counsel never told him he would have to be on "community supervision for life" or on the "sexual offender registry for life." He said that he had not known that these were terms of his conviction and that he never received his judgment.

The Defendant testified that the victim never appeared in court. When the judge stated that the victim had been in court, the Defendant insisted that he had not seen her in his twenty-four court appearances.

The Defendant acknowledged that he had been in court and had pleaded guilty "four times, five at the most" before his guilty plea in the present case. He agreed that his guilty plea counsel had represented him in a previous case in which he pleaded guilty and said he

---

[1] The record reflects that before the guilty plea, the defense filed a motion to disqualify the prosecutor and the district attorney general's office on the basis of an alleged conflict of interests due to a pending federal civil rights lawsuit the Defendant had filed against the prosecutor and another member of the district attorney general's staff. The trial court denied the motion in March 2019.

accepted the plea offer in that case because it was in his best interest, not because counsel forced him.

The Defendant's guilty plea counsel testified that she discussed the case and trial strategy with the Defendant. She said she did not provide discovery documents to the Defendant because his previous attorney had already provided the discovery and transcripts of hearings and interviews. She said that at one point, the judge asked the Defendant if he had everything he wanted and that the Defendant said he did.

Counsel agreed that she had represented the Defendant in a previous case. She agreed that the Defendant asked for her to be appointed in the present case.

When asked if she and the Defendant discussed the implications of a guilty plea "about [the] sexual offender registry and community corrections [sic] for life," she said, "Yes, we did." She said the Defendant did not want to be on the sexual offender registry. She said she explained, "There is the lifetime supervision and there is also . . . a ten year variety, first-time offenses. But that these were lifetime registry." She said they discussed the registry requirements for different lesser-included offenses. She said that she thought he understood the discussion and that she would not have let him proceed with a guilty plea if she had thought he did not understand. She said she did not realize at the time that community supervision for life and the sexual offender registry for life were not mentioned at the guilty plea hearing. She said they were not noted on the petition for acceptance of the guilty plea.

Counsel testified that she did not know why the Defendant changed his mind after the guilty plea and that she did not force him to plead guilty. She said she advised the Defendant that he faced a fifteen- to sixty-year sentence at 100%.

Counsel testified that the Defendant "would have preferred to plea to attempted rape." She said the prosecutor would have agreed to a guilty plea to rape, or attempted aggravated rape, both of which were Class B felonies. She said she and the Defendant discussed whether he would prefer to plead guilty to "an attempt of something that [is] more serious or a completed act of something that is less serious." She thought the Defendant understood this conversation and said he was able to pick his preferred offense for the guilty plea.

Counsel testified that she would have tried the case if the Defendant had not wanted to plead guilty. She said she had gone to locations identified by the Defendant to corroborate things the Defendant told her and to look for witnesses identified in the police reports.

After receiving the evidence, the trial court conducted a thorough review of the evidence presented and found that the Defendant had not received the ineffective assistance of counsel and that, as a result, he had failed to show that he should be allowed to withdraw his guilty plea in order to prevent manifest injustice. This appeal followed.

The Defendant contends that the trial court erred in denying his motion to withdraw his guilty plea. He argues that the guilty plea has caused manifest injustice because the plea was not knowingly, voluntarily, and intelligently entered because he did not understand that he would be subject to community supervision for life and required to register as a sex offender because the Defendant received the ineffective assistance of counsel when counsel failed to ensure he understood that the consequences of the plea included community supervision for life. The State responds that the trial court did not abuse its discretion in denying the motion to withdraw the plea.

Tennessee Criminal Procedure Rule 32(f) states that after a trial court has imposed sentence but before a judgment becomes final, "the court may set aside the judgment of conviction and permit the defendant to withdraw the guilty plea to correct manifest injustice." Manifest injustice is shown, for example, where:

> the plea "was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily"; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

*State v. Crowe*, 168 S.W.3d 731, 742 (Tenn. 2005) (footnotes omitted); *see State v. Phelps*, 329 S.W.3d 436, 444 (Tenn. 2010). Once a defendant enters a guilty plea, the judgment of conviction "becomes final thirty days after acceptance of the plea agreement and imposition of [the] sentence," meaning a defendant "has thirty days within which to . . . [file] a motion to withdraw the previously entered plea pursuant to Rule 32(f)." *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). A trial court's determination regarding a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *Phelps*, 329 S.W.3d at 443. An abuse of discretion occurs when a trial court "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, . . . applies reasoning that causes an injustice to the complaining party . . . [and] fail[s] to consider the relevant factors provided by higher courts as guidance for determining an issue." *Id*.

Rule 32(f) does not provide "a criminal defendant who has [pleaded] guilty . . . a unilateral right to later withdraw his plea either before or after sentencing." *Id.* at 444; *see*

*State v. Crowe*, 168 S.W.3d 731, 740 (Tenn. 2005); *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003). "The defendant bears the burden of establishing sufficient grounds for withdrawing [a] plea." *Phelps*, 329 S.W.3d at 444; *see State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). In determining whether to grant a motion to withdraw a guilty plea, trial courts "should always exercise . . . discretion with caution in refusing to set aside a plea of guilty, to the end that one accused of crime may have a fair and impartial trial." *Phelps*, 329 S.W.3d at 444 (internal quotation and citation omitted).

The Defendant's claims rely, in part, upon an allegation of ineffective assistance of counsel which he claims rendered his guilty plea unknowing, involuntary, and unintelligently entered. Typically, ineffective assistance of counsel claims are raised in a post-conviction case following the conclusion of the conviction proceedings. *See* T.C.A. §§ 40-30-101 to -122 (2018) (Post-Conviction Procedure Act). Occasionally, these claims are raised at the motion for new trial and in the appeal of the conviction proceedings, although this practice is "fraught with peril." *See State v. Anderson*, 835 S.W.2d 600, 607 (Tenn. Crim. App. 1992) (quoting *State v. Jimmy L. Sluder*, No. 1236, 1990 WL 26552, at *7 (Tenn. Crim. App. Mar. 14, 1990), *perm. app. denied* (Tenn. July 16, 1990)). In the present case, however, new counsel raised the issue at the motion to withdraw the guilty plea, and the matter was fully litigated.

To establish that a defendant received the ineffective assistance of counsel in violation of the Sixth Amendment, a defendant has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A defendant must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a defendant must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The trial court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A defendant "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation."

*Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In the context of ineffective assistance of counsel related to the entry of a guilty plea, a defendant must show that counsel performed deficiently and "there is a reasonable probability that, but for counsel's errors [the defendant] would not have pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). However, the defendant is not "required to demonstrate that he would have fared better at trial than by a plea of guilty." *Id.* at 59-60.

A trial court's findings of fact relative to an ineffective assistance of counsel claim are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A trial court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

The Defendant's arguments center on the advice, or lack thereof, he was given regarding the requirement that he would be subject to community supervision for life as a result of his guilty plea to attempted aggravated rape. He argues that the trial court erred in denying his motion to withdraw his guilty plea because he did not knowingly, voluntarily, and intelligently enter the plea when he was not advised by the trial court or counsel that he would be subject to community supervision for life. He alleges this both as a free-standing claim of an unknowing guilty plea and as an ineffective assistance of counsel claim. In either event, he argues, manifest injustice will result if he is not permitted to withdraw his guilty plea.

Regarding the Defendant's argument that his guilty plea was not knowing, voluntary, and understanding because he was not advised of the community supervision for life requirement by the trial court and counsel, our supreme court has recognized that community supervision for life is a direct consequence of a guilty plea to an offense which requires lifetime supervision and that a defendant must be informed of this consequence before pleading guilty to such an offense. *See Ward v. State*, 315 S.W.3d 461, 467 (Tenn. 2010). If a trial court fails to ensure a defendant has received the requisite advice, the judgment "must be set aside unless the State proves that the error was harmless beyond a reasonable doubt." *Id.*; *see State v. Nagele*, 353 S.W.3d 112, 119 (Tenn. 2011).

The record reflects, and the trial court found, that the court did not advise the Defendant at the guilty plea hearing of this consequence of his guilty plea. With regard to whether counsel advised the Defendant of this consequence, the Defendant's and counsel's testimony was contradictory, with the Defendant claiming counsel failed to advise him and

with counsel stating she gave the advice. In denying the motion to withdraw the guilty plea, the court found that, although the court had not advised the Defendant about community supervision for life, counsel had nevertheless discussed with the Defendant the consequences of a guilty plea regarding the sexual offender registry and community supervision for life. The court found that counsel and the Defendant had a "detailed discussion . . . and considered which offenses he might plead guilty to which would only carry the ten (10) year registry requirement instead of the lifetime requirement." Elsewhere in its order, the court specifically credited the testimony of counsel over that of the Defendant on the disputed factual issues related to the ineffective assistance of counsel allegations. In addition, the court found that, relative to the allegation that the plea had not been knowingly and voluntarily entered because the court failed to advise the Defendant he would be subject to community supervision for life, the Defendant "simply experienced a change of heart after entering a guilty plea."

We turn to the Defendant's claim that the trial court erred in denying his motion to withdraw on the basis that he received the ineffective assistance of counsel in the guilty plea proceedings due to counsel's alleged lack of advice about community supervision for life. Although the Defendant raised several allegations of ineffective assistance in the amended motion to withdraw, he did not allege that he should be allowed to withdraw the plea because counsel failed to advise him that he would be subject to community supervision for life. In denying the motion to withdraw the guilty plea, the court addressed the ineffective assistance of counsel issues alleged in the amended motion and the allegations that the guilty plea was not knowing and voluntary because the Defendant was not advised about community supervision for life. The court did not address the failure-to-advise claim in the context of the ineffective assistance of counsel. The court found that the Defendant failed to prove his claims that counsel did not visit him in the jail, did not provide him with the discovery materials, and did not discuss trial strategy with him. The court found that counsel's testimony was credible and that the Defendant's testimony was not. The court noted that counsel did not provide the discovery materials because the Defendant's previous attorney had already done so, that counsel stated she spoke with the Defendant many times, that she investigated the case, and that she was prepared for a trial. The court's findings regarding counsel's having given the Defendant the appropriate advice do not support a conclusion that counsel performed deficiently by failing to advise him that he would be subject to community supervision for life or that he was prejudiced by counsel's alleged inaction.

Because the Defendant failed to prove the factual allegations upon which he based his motion to withdraw the guilty plea, he failed to show that manifest injustice required that he be allowed to withdraw the guilty plea, and the trial court did not abuse its discretion in denying relief.

-8-

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE